Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200505-81995
DATE: July 14, 2021

ORDER

Entitlement to an evaluation of 50 percent for posttraumatic stress disorder (PTSD) is granted.

FINDINGS OF FACT

1. PTSD has manifested in symptoms such as anxiety, depressed mood, chronic sleep impairment, disturbances of motivation and mood, panic attacks more than once per week, irritability (not resulting in violence), impaired concentration, and difficulty in establishing and maintaining effective work and social relationships, all resulting in occupational and social impairment with reduced reliability and productivity.

2. The claim for increase was received October 14, 2019. There was a private medical statement dated October 1, 2019, reflecting a change in disability.

 

CONCLUSION OF LAW

The criteria for an evaluation of 50 percent for PTSD have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.125, 4.126, 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from December 1999 to March 2007.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, also known as the Appeals Modernization Act (AMA). Pub. L. No. 115-55, 131 Stat. 1105 (2017) (to be codified as amended in scattered sections of 38 U.S.C.). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review on or after February 19, 2019. As this case is an appeal of a December 2019 rating decision, this decision has been written consistent with the new AMA framework. 

In May 2020, the Veteran submitted a VA Form 10182 (Decision Review Request: Board Appeal) electing a direct review by a Veterans Law Judge.

1. Evaluation of posttraumatic stress disorder (PTSD)

A claim for increase was received on October 14, 2019. A private medical statement dated October 1, 2019 was submitted at the same time.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule), found in 38 C.F.R., Part 4. The ratings are intended to compensate impairment in earning capacity due to a service-connected disease or injury. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

Separate diagnostic codes identify the various disabilities and the criteria for specific ratings. If two disability evaluations are potentially applicable, the higher evaluation will be assigned to the disability picture that more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability will be resolved in favor of a veteran. 38 C.F.R. § 4.3.

Initially, the Veteran's PTSD was rated as insomnia, with an initial evaluation of 10 percent. From December 6, 2017, the insomnia was then rated as insomnia disorder with unspecified anxiety disorder, with an evaluation of 30 percent.

The Veteran's PTSD is currently assigned a 30 percent evaluation under Diagnostic Code 9411. The Veteran has challenged this evaluation.

Diagnostic Code 9411 pertains specifically to the primary diagnosed disability in the Veteran's case (PTSD). In any event, with the exception of eating disorders, all mental disorders including PTSD are rated under the same criteria in the rating schedule. 

The criteria for a 30 percent rating are as follows:

Occupational and social impairment with an occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as depressed mood; anxiety; suspiciousness; panic attacks (weekly or less often); chronic sleep impairment; and mild memory loss (such as forgetting names, directions, and recent events).

The criteria for a 50 percent rating are as follows:

Occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships.

The criteria for a 70 percent rating are as follows:

Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships.

The criteria for a 100 percent rating are as follows:

Total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 38 C.F.R. § 4.130, Diagnostic Code 9411.

The "such symptoms as" language of the diagnostic codes for mental disorders in 38 C.F.R. § 4.130 means "for example" and does not represent an exhaustive list of symptoms that must be found before granting the rating of that category. See Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). However, as the Court also pointed out in that case, "[w]ithout those examples, differentiating a 30% evaluation from a 50% evaluation would be extremely ambiguous." Id. The Court went on to state that the list of examples "provides guidance as to the severity of symptoms contemplated for each rating." Id. Accordingly, while each of the examples needs not be proven in any one case, the particular symptoms must be analyzed in light of those given examples. Put another way, the severity represented by those examples may not be ignored.

Pursuant to relevant law and regulation, the DSM-5 applies to this appeal. See 80 Fed. Reg. 53, 14308 (March 19, 2015). Thus, the Board will not use any previously recorded GAF scores to determine the appropriate evaluation for the Veteran's PTSD. Golden v. Shulkin, 29 Vet. App. 221 (2018).

In February 2018, a VA examiner concluded that the Veteran a diagnosis of PTSD. The examiner stated that the Veteran's mental disorders contributed to an occupational and social impairment with reduced reliability and productivity. However, a separate VA examiner, in an addendum opinion from March 2018, concluded that the Veteran did not have PTSD "as there is no chronicity of care, nor diagnosis per qualified VA providers in the available records, or in any other available records noted in VBMS."

The Veteran submitted an October 1, 2019 letter from his private doctor, Dr. R.L. Dr. R.L. states that the Veteran's mental disorders significantly contribute to his occupational and social disorders. Dr. R.L. wrote that the Veteran exhibits symptoms such as "panic attacks more than once a week; impairment of short and long term memory, for example, retention of only highly learned material, while forgetting to complete tasks; difficulty in understanding complex commands; impaired judgement; disturbances of motivation and mood; difficulty adapting to stressful circumstances, including work or work like setting; suicidal ideation and persistent danger of hurting self or others." Dr. R.L. stated that the Veteran had an unspecified anxiety disorder and major depressive disorder (recurrent).

The Veteran was afforded a VA examination in December 2019. The VA examiner concluded that the Veteran had PTSD. The examiner found that the Veteran had "[o]ccupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or; symptoms controlled by medication." In the VA examiner's notes, the Veteran states that he only attempted to commit suicide once, prior to service, and he had not had thoughts of suicide "in a long time, since shortly after I got sober." The medical record indicates that he joined Alcoholics Anonymous in 2016. 

After a review of the medical and lay evidence of record, an evaluation of 50 percent is warranted for the entire period on appeal. Regardless of diagnostic label, the October 1, 2019, medical statement reflects a change in manifestations.

An evaluation in excess of 50 percent is not warranted for any period on appeal. The evidence suggests that the Veteran's symptomatology has more nearly approximated occupational and social impairment associated with a 50 percent disability rating for the entire period on appeal. In other words, the Board finds that the preponderance of the evidence is against an evaluation in excess of 50 percent. Neither the lay nor the medical evidence of record more nearly approximates the frequency, severity, or duration of psychiatric symptoms required for a 70 percent disability evaluation, nor does it demonstrate deficiencies in most areas. 38 C.F.R. §§ 4.7, 4.130, Diagnostic Code 9411.

The Board has considered the VA treatment records, including all VA examination reports and lay statements regarding the impact of the Veteran's PTSD on his occupational and social impairment. During the entire period, the Veteran reported anxiety; depressed mood; chronic sleep impairment; difficulty concentrating; panic attacks more than once a week; and difficulty with social relationships, among other symptoms.

It is documented that the Veteran has struggled with many social interactions. The Board finds that the degree to which the Veteran's PTSD inhibits his social relationships is consistent with the criteria of a 50 percent evaluation. While the Veteran has limited social relationships, the evidence does not suggest that the Veteran is incapable of establishing and maintaining effective relationships.

Perhaps most notable are the Veteran's reported symptoms of persistent danger of hurting self or others and occasional reference to suicidal thoughts. There is no evidence that the Veteran has hurt himself or others since 2009, according to the December 2019 VA examination. 

As stated previously, Dr. R.L. reported the Veteran has suicide ideation. The Board acknowledges the severity of any reference to suicide. However, a review of the record suggests that the Veteran's thoughts of suicide have been fleeting and do not amount to suicidal ideation as contemplated under the diagnostic criteria. More importantly, there is no indication in the record that the Veteran currently represents a danger to himself.

Furthermore, the objective medical conclusion of the VA examiner with respect to the severity of the Veteran's occupational and social impairment, while not determinative, are not consistent with occupational and social impairment with deficiencies in most areas. There is also no evidence of symptoms such as obsessional rituals, abnormal speech, impaired impulse control, spatial disorientation, or neglect of personal appearance or hygiene.

Thus, the Board finds that the Veteran does not have occupational and social impairment, with deficiencies in most areas. He does have some deficiencies, but the greater weight of evidence demonstrates that it is to a degree that is contemplated by the 50 percent rating assigned herein. Furthermore, even resolving any reasonable doubt in the Veteran's favor, the Board finds that he does not meet the requirements for an evaluation greater than the now assigned 50 percent schedular rating. To the extent that the Veteran has any of the criteria for a 70 percent rating, see Mauerhan, 16 Vet. App. at 442, the Board concludes that his overall level of disability does not exceed the criteria for a 50 percent rating.

 

 

H. N. SCHWARTZ

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Jonah Nelson, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.